In the Matter of OTTO F. FUSCO, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 27, 1968.

*John G. Bonomi* of counsel (*Ronald Eisenman* with him on the brief), for petitioner.

*Otto F. Fusco,* respondent in person.

*Per Curiam.* This is a motion to confirm the report of the Referee which sustained one charge of professional misconduct against respondent.

Respondent was admitted to practice in the First Judicial Department on June 26, 1941. The charge is that, between April 3, 1963 and March 26, 1965, on 105 separate occasions, respondent failed to appear in the Criminal Court of the City of New York when his cases were first called, and failed to file an affidavit explaining his nonappearance; during the same period, on approximately 16 occasions, respondent failed to make any appearance in said court when his cases appeared on the calendar and failed to file an affidavit explaining his nonappearance; on approximately 40 occasions the Administrative Judge of the Criminal Court wrote to respondent requesting explanations for his nonappearance or failure to file affidavits of explanation (letters containing explanations were submitted by respondent in a majority of the cases); although respondent, in a letter to petitioner's Grievance Committee, advised that committee that he was taking necessary steps to prevent a recurrence of the aforesaid conduct, he, nevertheless, between April 28, 1965 and December, 1965, failed to appear or submit an affidavit explaining his nonappearance on approximately 38 occasions when his cases first appeared on the court calendar, and, on approximately seven other occasions, he failed to appear or otherwise communicate with the court when his cases appeared on the calendar.

On the record the charges are sustained and the Referee's report is confirmed. That report states in pertinent part that respondent " has had three heart attacks and continues to suffer from a heart condition; that he had an ' intercranial aneurysm ' and has a ' plastic clamp on his carotid artery '." Another contributing factor is that the respondent evidently accepted more cases than he was properly equipped to handle.

Under the circumstances, and in view of respondent's explanations, we do no more than censure (*Matter of Schwartz,* 24 A D 2d 325).

The respondent should be censured for his conduct.

EAGER, J. P., STEUER, CAPOZZOLI, McGIVERN and RABIN, JJ., concur.

Respondent censured.